## JOHN COUGHTRY *v.* JULIUS LEVINE AND OTHERS.

The defendants agreed to employ the plaintiff in their business, and to pay him as a salary and compensation for his services, a sum which should be equal to one-half of the net profits of said business, after deducting every expense and loss connected therewith, as follows: The sum of $3,000 yearly, and every year during the continuance of said agreement, in weekly installments, at the rate of $3,000 per annum, and only at that rate for a shorter period than a year, and to pay any balance of said salary beyond said sum of $3,000 per year, if realized at the end and only at the end of each year, and if not then realized, whenever thereafter the same should be realized. The business engaged in was that of "enameling and linen-finishing paper collars," to which the plaintiff was to devote his exclusive time, knowledge and ability. The plaintiff worked for the defendants in pursuance of this agreement, for several months, and in a suit for the balance of the salary due, at the rate of $3,000 per year, the defendants set up that the business had been unprofitable, and therefore there was nothing due the plaintiff: *Held,* That the fair interpretation of the agreement was, that the defendants, having confidence in the plaintiff's skill and ability to manage the business successfully, and believing that it would realize an annual net profit of at least $6,000, employed him at a fixed compensation equal to one-half of that amount. The increase of the salary was made to depend upon the excess of profits over $6,000, but in any event the plaintiff was to be paid at the rate of $3,000 per year.

APPEAL by defendants from a judgment of the general term of the Marine Court, affirming a judgment entered on the verdict of a jury.

The facts are stated in the opinion.

*A. R. Dyett*, for appellants.

*Edward D. McCarthy*, for respondent.

BY THE COURT.*—LARREMORE, J.—The only question presented on this appeal is that which involves the construction of the agreement set up in the complaint and admitted by the answer.

* Present, DALY, Ch. J., ROBINSON, and LARREMORE, JJ.

The defendants therein agree with the plaintiff to enter into and carry on business, &c., and to employ the plaintiff in said business, and to pay him as a salary and compensation for his services a sum which shall be equal to one-half of the net profits of said business, after deducting every expense and loss connected therewith, as follows: the sum of $3,000 yearly, and every year during the continuance of said agreement, in weekly installments, at the rate of $3,000 per annum, and only at that rate for a shorter period than a year, and to pay any balance of said salary beyond said sum of $3,000 per year, if realized, at the end and only at the end of each year; and if not then realized, whenever thereafter the same shall have been realized.

The plaintiff agreed to devote his whole time and ability to said business, and all his information and knowledge to make the same profitable to defendants, to keep and render accurate accounts thereof; that he would not engage in any other business, and would accept as a compensation for his services the provisions and payments as above mentioned.

It was further agreed between the parties, that if said business should prove profitable, &c., that it should continue for three years from July 1, 1869, unless sooner terminated as therein provided.

The plaintiff worked for the defendant in pursuance of said agreement from July 1st to November 20th, 1869, when he was discharged by them. He was paid $640, and the judgment herein was rendered for the balance alleged to be due him under said agreement.

The said business was conceded to be unprofitable, and for this reason the plaintiff's right to recover is disputed.

Was his salary, to the extent of $3,000, independent of the profits of said business, as a compensation fixed and to be paid in any event, or was the whole transaction a mere business venture on his part, dependent upon the realization of profits.

In applying the rule laid down in *Blossom* v. *Griffin* (13 N. Y. 569), let us see, in view of all the surrounding circumstances and pre-existing relations between the parties, whether

the plaintiff is not entitled to such a construction of the agreement as will sustain his right of action.

The business engaged in was that of " enameling and linen finishing paper collars," to which plaintiff was to devote his exclusive time, knowledge, and ability. He was employed by defendants for this purpose. They did not engage to advance any capital, and were not required to devote any time or attention to the business. Unless we regard his compensation to the extent of $3,000 as fixed and certain, there would be no mutuality in the contract, nothing to offset plaintiff's knowledge of the business, and the exclusive devotion of his time and attention thereto.

Although his salary is declared to be " a sum which shall be equal to one-half of the net profits of that business," yet this clause must be construed as explained by the following clause, as the entire contract should be considered in determining the meaning of any or of all its parts (2 Pars. on Cont. 13).

Effect should be given, if possible, to every part of the agreement (*Nounenbocker* v. *Hooper*, 4 E. D. Smith, 401).

It is provided that said sum of $3,000 per annum shall be paid in *weekly* instalments. A payment ordinarily implies the delivery and receipt of money, by agreement of the parties to the transaction, in extinguishment of an existing debt. How could such weekly payments be said to depend upon the profits, when no provision is made in this agreement for any weekly accounting, or for any refunding of the moneys so paid, in the event of a loss in the business, or for any future accounting?

I think the fair interpretation of this agreement to be this :

The defendants having confidence in plaintiff's skill and ability to manage said business successfully, and believing that it would realize an annual net profit of at least $6,000, employed him at a fixed compensation, equal to one-half of said amount, the increase of which was made to depend upon the excess of net profits over $6,000.

The judgment should be affirmed.

Judgment affirmed. .